IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JANICE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-1012 |
| | ) | |
| v. | ) | |
| | ) | |
| YVONNE McKENNA, Individually | ) | Judge Lancaster |
| and in her capacity as an | ) | Magistrate Judge Caiazza |
| Allegheny County Pennsylvania | ) | |
| Probation Officer; JOHN KIRBY | ) | |
| LYNCH, Individually and in his | ) | |
| capacity as an Allegheny County | ) | |
| Probation Officer; ALLEGHENY | ) | |
| COUNTY CHIEF EXECUTIVE, DANIEL | ) | |
| ONORATO; ALLEGHENY COUNTY | ) | |
| SHERIFF'S DEPARTMENT; SHERIFF | ) | |
| PETER DeFAZIO; CHIEF DEPUTY | ) | |
| SHERIFF SKOANIK; ALLEGHENY | ) | |
| COUNTY JAIL WARDEN, FRED | ) | |
| ROSEMEYER; DEPUTY WARDEN OF | ) | |
| OPERATIONS, WILLIAM EMERICK; | ) | |
| ASSISTANT DEPUTY WARDEN OF | ) | |
| ADMINISTRATION, EDWARD D. | ) | |
| URBAN; ASSISTANT DEPUTY WARDEN | ) | |
| OF INMATE SERVICES, EUGENE M. | ) | |
| GARCIA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I. REPORT**

Janice [1] Davis ("Davis") filed suit pursuant to 42 U.S.C. §1983, alleging that her rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated when she was arrested and detained for fourteen days as a result of

---

[1] In her deposition testimony, Davis stated that her first name was "Janices" rather than Janice. The court will refer to the Plaintiff as she is identified in the case caption.

mistaken identity. The Defendants' motion for summary judgment based on qualified immunity is pending. It is respectfully recommended that this motion be granted.

## II. <u>DISCUSSION</u>

### A. <u>Factual and Procedural Background</u>

In 2001 a warrant was issued for Janet Davis, Janice Davis's twin sister, in connection with allegations of welfare fraud. Janet Davis was arrested pursuant to this warrant in July 2002, but was released when she claimed to be her twin sister, Janice. A second warrant based on the same offense was issued for "Janet Davis, a/k/a Janice Davis".

On November 18, 2003, Janice Davis was arrested on the warrant issued for Janet, and was taken to the Allegheny County Jail. Davis maintains that her federal civil rights were violated when, despite her repeated and emphatic insistence that there had been a mistake, the Defendants neglected to take steps or took inadequate steps to establish her identity. The mistake was not confirmed until Davis had spent two weeks in jail.

In her original complaint, Davis alleged violations of her federal constitutional rights and pendent state law claims. Her amended complaint is limited to claims based on the Fourth and Fourteenth Amendments of the United States Constitution.

### B. <u>Standard of Review</u>

There is a significant difference between the standard of review for a motion to dismiss and the standard applicable to a

-2-

motion for summary judgment. In order to survive a motion to dismiss, the plaintiff need only allege facts that, if accepted as true, would state a claim for relief. At the summary judgment stage, however, "the [Plaintiff] may not rest on the vague and amorphous argument that the record somewhere contains facts sufficient to support [her] claims." <u>Roa V. City of</u> <u>Bethlehem</u>, 782 F. Supp. 1008, 1014 (E.D. PA. 1991) (citing <u>Childers v.</u> <u>Joseph</u>, 842 F.2d 689(3d Cir. 1987)). Where the non-moving party bears the burden of proof on an issue which is the subject of a summary judgment motion, that party must identify *with specificity* evidence of record sufficient to establish every element essential to the claim. <u>Id.</u> (emphasis added)

Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). There must be enough evidence with respect to a particular issue to enable a reasonable juror to find in favor of the non-moving party. <u>Anderson v. Liberty Lobby</u>., 477 U.S. 242, 248 (1986). A motion will be granted where the materials in the record, if reduced to admissible evidence, would be insufficient to satisfy the non-moving party's burden of proof at trial. <u>Celotex Corp. v.</u> <u>Catrett</u>, 477 U.S. 317, 322 (1986).

## C. <u>The Fourth Amendment Claims</u>

When a defendant raises a qualified immunity defense to a section 1983 claim, the court must engage in a two pronged inquiry. The court is first required to determine whether the plaintiff has alleged facts establishing the deprivation of a constitutional right. If the plaintiff succeeds in satisfying this prong, the court must determine whether the constitutional right was well-established at the time of the challenged action. <u>Baker v. McCollan</u>,443 U.S. 137,142 (1979); <u>McHenry v. County of Delaware</u>, No. 04-1011, 2005 WL 2789182 at * 5 (E.D. Pa. Oct. 24, 2005). Davis has failed to make the threshold showing of a Fourth Amendment violation.

The Fourth Amendment does not guarantee that only the guilty will be arrested or detained. Instead, "it establishes the right to be secure against unreasonable searches and seizures and provides that no warrant shall issue but upon probable cause." <u>Blackwell v. Barton</u>, 34 F.3d 298, 301 (5th Cir. 1994). <u>Baker</u>,443 U.S. at 142. Probable cause, which must be determined by a judicial officer before or promptly after an arrest, exists when "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." <u>Orsatti v. N.J. State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995).

Supreme Court precedent is clear that an officer carrying

-4-

out an arrest pursuant to a valid warrant is deemed to have probable cause. This is true even where a plaintiff correctly claims that the officer has mistaken her for someone else. Likewise, where a person is detained on a facially valid warrant, mistaken identity on the part of detaining officials does not constitute a Fourth Amendment violation. The probable cause standard for pretrial detention is the same as that for an arrest; a separate determination of probable cause is not required. Baker, 443 at 144-46 (1979). The Supreme Court summarized the law applicable to Davis's Fourth Amendment claims as follows:

> We do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim.

Id. See also Mitchell v. Aluisi, 872 F.2d 577, 579(4th Cir. 1989)(holding that arrest did not violate Fourth Amendment although arrestee claimed that charges against him had been dropped); Mann v. Township of Hamilton, No. 90-3377, 1991 WL 87586 at * 2 (D. N.J. May 20, 1991)( officer executing valid warrant need not hold debate regarding claim of innocence).

The record before the court is utterly insufficient to establish an infringement of Davis's Fourth Amendment rights. She

cannot name the arresting officer or any other Sheriff's Department personnel associated with her arrest.[2] She has not described with a degree of particularity conduct on the part of any of the arresting or detaining defendants which failed to comport with applicable Fourth Amendment case law. She does not argue that the warrant was invalid on its face, and does not contend that officials knew that the warrant was for her sister.

"The linchpin of mistaken identity cases is reasonableness; the key question is whether the arrest of the wrong person was reasonable under the totality of the circumstances." McHenry, 20055 WL 2789182 at* 17. *See also* Anderson v. Creighton, 483 U.S. 635, 641 (1987). Although Davis argues that it was not reasonable for arresting and detaining officers to rely on the warrant, the argument is unconvincing.[3] Davis contends that the warrant was "vague" and that her protests should have led the officers to

---

[2]While this sort of vagary is understandable when the complaint is drafted, after the close of discovery, the plaintiff <u>must</u> provide factual support for her claims by pointing to evidence in the record. <u>Alston v. Parker,</u> 363 F.3d 229, 233 n.6 (3d Cir. 2004)

[3]There is ample evidence in the record that the officers' conduct at the time of Davis's arrest was objectively reasonable. In her deposition testimony, Janice admitted that her twin had generated confusion in the past by using Janice's name. Janet incurred numerous parking tickets in Janice's name, causing the suspension of Janice's license. She also represented that she was Janice in order to secure her own release from detention (Davis Dep. at 45,4, 26 )(Doc. 24-2). The warrant was issued for "Janet Davis a/k/a Janice Davis."Based on this undisputed record,the court concludes that officers had probable cause to arrest and detain Davis. *See* <u>Estate of Smith v. Marasco</u>, 318 F.3d 497, 514 (3d Cir. 2003) (concluding that although question of probable cause is usually reserved to the jury, where the facts are essentially undisputed, the court may decide question as a matter of law.)

-6-

check records that would have established her identity. The court does not find evidence for this argument in the record, and the case law does not support it.[4]

In sum, Davis has not come forward with any "specific facts showing that there is a genuine [Fourth Amendment] issue for trial." Fed. R. Civ. P. 56(e). Accordingly, the Defendants' motion for summary judgment on claims made pursuant to the Fourth Amendment should be granted.

## D.  **The Fourteenth Amendment Claims**

### 1.  **The Individual Defendants**

Davis has also failed to establish entitlement to relief under the Fourteenth Amendment. Despite the fact that she was given an extension of time in which to complete discovery, the record pertaining to her Fourteenth Amendment claims is skeletal, giving the court little to consider beyond the following conclusory allegations in her amended complaint:

> 38. Defendants at Allegheny County Sheriff's Department, exhibited deliberate indifference toward to [sic] the Plaintiff by failing to take reasonably available measures to reduce or eliminate serious risk of error. Nonetheless they placed completely innocent [sic] person into a jail cell and verified no aspect of

---

[4] Under these circumstances, even Davis had been able to show a violation of her constitutional rights, the arresting and detaining officers would have been entitled to qualified immunity. The Court of Appeals for the Third Circuit has held that qualified immunity is available to an officer who acts on an objectively reasonable belief that there is a valid warrant. Berg v. County of Allegheny, 219 F.3d 261, 272-73 (3d Cir. 2000). *See also*, Maloney v. City of Reading, No. 04-5318, 2006 WL 305440 at *3(E.D. Pa. Feb. 8, 2006)( finding summary judgement appropriate where arresting officer lacked reason to believe that warrant was not lawfully or validly issued).

the detention.

> 39. Defendants at Allegheny County Jail, exhibited
> deliberate indifference toward to [sic] the Plaintiff
> by failing to take reasonable available measures
> to reduce or eliminate serious risk of error.

The Complaint makes specific reference to only one of the individual defendants. In her deposition Davis testified that she did not know any defendant other than McKenna[5], and could not say how each was involved in her case. (Pl. Dep. 49, 59, 51)(Doc. 24-1). The lack of record evidence linking these defendants to the alleged deprivation of rights is fatal to Davis's Fourteenth Amendment claim against them; they are entitled to summary judgment.

The court finds that Davis has not established that any of her constitutional rights were compromised, and that even if we were to find a constitutional wrong, the Defendants would have been entitled to summary judgment based on the doctrine of

---

[5]Defendant McKenna's last name is identified elsewhere in the record as McKinnon. For purposes of consistency, the court will refer to her by the name appearing in the case caption. McKenna's involvement in this matter is limited. In the memorandum oppposing the Defendants'motion for summary judgment, Davis states that an unidentified person at the jail telephoned Yvonne McKenna on Nov. 28 in order to verify Davis's identity.(Doc. 23 p.2). According to Davis, McKenna reported that the "correct" sister was in custody. McKenna did not come to the jail facility in order to confirm her conclusion.
        The record shows that at some time prior to November 25 or 28 (the number as written in the record is unclear), Davis filled out a form requesting that a staff member verify her identity. On November 25 or 28 the staff member wrote to Davis notifying her that McKenna, her probation officer, had been contacted and had reported that Janice was properly in custody. The staff member noted, however, that Janice was listed in probation computer records as Janet. Davis was told that if there had been an error, she needed to talk to the probation officer.(Inmate's Request to Staff Member)(Document 24-1 at 16).

qualified immunity.

Qualified immunity insulates government officials performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine "gives ample room for mistaken judgments" by shielding "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

In alleging that her true identity was not investigated for a period of fourteen days, despite her repeated requests. Davis succeeded in stating a claim under Section 1983 for violation of her Fourteenth Amendment rights.[6] These allegations are not, however, adequate to defeat the motion for summary judgment. In order to overcome the Defendants' assertion of qualified immunity, Davis was required to produce evidence showing that:(1) one of the named defendants (or any other defendant) knew that Davis claimed that her detention was based on mistaken identity; (2) that defendant failed to act or took ineffective action which amounted to reckless or deliberate indifference to her situation; and (3) the official's response to the situation caused an unjustified detention. Ramirez v. U.S., 998 F. Supp. 425, 436 (D.N.J. 1998)(citing Sample v. Diecks, 885 F.2d 1099, 1110 (3d

---

[6]The Supreme Court left open the possibility that a lengthy period of detention based on mistaken identity could constitute deprivation of liberty without due process. Baker, 443 U.S. at 145.

Cir. 1989)).

What happened to Davis in this case was, at the very least, unfortunate. The court has no doubt that her days in confinement were frustrating and unpleasant. Nonetheless, nothing in the record shows that this wrong is attributable to the action or inaction of any of the defendants. Davis was arrested and detained pursuant to a valid warrant. A prison official attempted to verify her identity by contacting her probation officer. Within a maximum of ten days from her detention, Davis was notified that the probation officer had reported that Davis was the subject of the warrant and that her detention was appropriate. Clearly, that report was wrong, but it appears to have been based on erroneous information entered into the Probation Department computer when Janet Davis was in detention claiming to be Janice. Although these efforts did not correct the problem, on this record the court cannot say that their inadequacy violated a clearly established constitutional right.

## 2. <u>Municipal Liability</u>

In her memorandum opposing summary judgment, Davis, for the first time, argues that Allegheny County is subject to municipal liability under Section 1983 for "failing to implement a policy to deal with verifying the identity of those arrested. . . ." (Pl. Response to Mot. Sum. J. at 8)(Doc. 23).

It is undisputed that a claim for municipal liability under Section 1983 cannot survive a motion for summary judgment, unless

-10-

the plaintiff has come forward with evidence sufficient to show that her alleged harm was caused by a constitutional violation. Collins v. City of Harker Heights, 503 U.S. 115 (1992). *See also* Ramirez, 998 F. Supp. at 437(noting that "obviously" a municipality cannot be held liable under Section 1983 if plaintiff has not suffered underlying constitutional violation); Andujar v. City of Boston, 760 F. Supp. 238, 241(D. Mass. 1991)(finding that plaintiff must establish constitutional violation in order to pursue claim of municipal liability). Because Davis was unable to establish an infringement of her constitutional rights,[7] the court need not address in detail the concept of municipal liability.

   With respect to Davis's Fourteenth Amendment claims as well, the Defendants are entitled to summary judgment.

### III. CONCLUSION

---

[7] Even had Davis established a violation of her constitutional rights, her municipal liability claim could not survive summary judgment. Relying on her one experience, Davis claims that Allegheny County maintained a policy or custom of deliberate indifference to verifying the identity of those subject to arrest or detention.
   In order to establish municipal liability based on deliberate indifference, a plaintiff must: (1) identify municipal employees shown to be official policymakers; (2) demonstrate that these policymakers knew of the risk of misidentification and the alternatives for eliminating that risk; (3) offer evidence that these officials made a deliberate choice to eschew corrective measures, or acquiesced in a longstanding policy or custom of inaction; and (4) show a causal link between the failure to act and her constitutional injury. *See* Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004); Simmons v. City of Philadelphia, 947 F.2d 1042, 1064-65)(3d Cir. 1991). Davis has failed to show that misidentification occurred in any case other than her own, and has not pointed to evidence in the record establishing any other element of a deliberate indifference claim.

For the foregoing reasons, the court recommends that the motion for summary judgment filed by the Defendants (Doc. 19) be granted.

In accordance with the Magistrate's Act, 29 U.S.C. § 636 (b)(1) (B), 636 (b)(1)(b) and (c), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 15, 2006. Responses to objections are due by May 25, 2006.

April 27, 2006

_S/Francis X. Caiazza_
_____Francis X. Caiazza
                                U.S. Magistrate Judge

cc:

Francis M. Moore, Esq.
Mansmann & Moore
220 Grant Street
Pittsburgh, PA 15219

Michael H. Wojcik, Esq.
Caroline Liebenguth, Esq.
Allegheny County Law Department
300 Fort Pitt Commons Bldg.
445 Fort Pitt Blvd.
Pittsburgh PA 115219